No. 90–6707–CIV.

United States District Court, S.D. Florida.

Dec. 27, 1991.

RESOLUTION TRUST CORPORATION as Receiver of Commonwealth Federal Savings and Loan Association, Plaintiff,

v.

ASSOCIATED INVESTMENT GROUP; a Texas General Partnership; J.D. St. Clair, individually and as general partner of Associated Investment; Associated Properties, a Texas General Partnership, individually and as general partner of Associated Investment; Randall W. Harvison, individually and as general partner of Associated Properties; John D. Harvison, individually and as general partner of Associated Properties; Michael G. Harvison, individually and as general partner of Associated Properties; Kay Harvison Parker, individually and as general partner of As-

Martin J. Alexander, Holland & Knight, Ft. Lauderdale, Fla., for plaintiff.

Angel Castillo, Jr., Coral Gables, Fla., Frank Gilstrap, John J. Harvey, Jr., Arlington, Tex., for defendants.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon Plaintiff Resolution Trust Corporation as Receiver of Commonwealth Federal Savings and Loan Association's Motion for Summary Judgment, file dated March 6, 1991.

Having considered the Motion, responses, supplemental filings, the pertinent portions of the record, and applicable law, and being otherwise fully advised in the premises, THE COURT herein files the following memorandum opinion.

## MEMORANDUM OPINION

This is an action brought by the Plaintiff Resolution Trust Corporation ("RTC") as Receiver of Commonwealth Federal Savings and Loan Association ("Commonwealth Federal") to collect sums allegedly due and owing on two separate Promissory Notes allegedly executed by the Defendants Associated Investment Group ("Associated Investment") and Associated Properties (Associated Properties) and delivered to Commonwealth Savings and Loan Association ("Commonwealth Savings") in 1986.

### Factual Background

On or about August 14, 1986, Associated Investment executed and delivered to Commonwealth Savings a Promissory Note in the original principal sum of $3,230,000.00 ("$3,230,000.00 Note"). On the same day, Associated Properties executed and delivered to Commonwealth Savings a Promissory Note in the original principal sum of $1,770,000.00 ("$1,770,000.00 Note"). Both notes were supported by a Continuing Guaranty executed and delivered to Commonwealth Savings by defendant John H. Harvison.

Both Associated Investment and Associated Properties have allegedly defaulted under the respective notes by failing to make payments due and owing to Commonwealth Savings for July, 1989, and for each month thereafter. Similarly, John H. Harvison has allegedly defaulted under both Guaranties by failing to pay the sums due and owing as required thereunder.

Pursuant to Resolution 89–1902P adopted by the Federal Home Loan Bank Board on July 19, 1989, the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed receiver for Commonwealth Savings. The FSLIC organized Commonwealth Federal to facilitate the liquidation of Commonwealth Savings, and thereafter, the FSLIC became conservator for Commonwealth Federal upon appointment by the Bank Board. Under an acquisition agreement dated July 20, 1989, Commonwealth Federal acquired certain assets and liabilities of Commonwealth Savings, allegedly including the notes which are the subject of this action. The RTC was appointed Receiver for Commonwealth Federal by the Office of Thrift Supervision, after first having succeeded the FSLIC as Conservator for Commonwealth Federal by operation of law, pursuant to the FIRREA, 12 U.S.C. § 1441a(b)(1).

The RTC has demanded the accelerated payment of all sums due and owing from the appropriate parties, and filed the instant lawsuit on August 30, 1990. On March 6, 1991, the RTC moved for partial summary judgment on the liability of Associated Investment, Associated Properties,

its general partners, and John H. Harvison for the sums dues and owing on the notes.[1]

*Discussion*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The RTC argues that the claims and defenses asserted by the defendants are legally insufficient as applied against RTC as Receiver, and that there is no genuine issue of material fact which would preclude summary judgment at this stage.

The defendants proffer several defenses to payment of the notes in question and in opposition to the RTC's motion for summary judgment. First the defendants argue that the RTC's summary judgment evidence fails to establish that the RTC as Receiver is the owner and holder of the notes. Second, the defendants contend that the claims based on the notes and guarantees are ineffective because the partnerships are not valid entities. Third, the defendants argue that because the RTC is not a holder in due course of "non-negotiable" notes, the notes are merely contracts whose terms have not been pled and proved by the RTC in its complaint. Each of these arguments is addressed below.[2]

*Ownership of the Notes*

■ In support of its motion for summary judgment, the RTC relies on the affidavit of William Brimacombe, a Senior Vice President of Commonwealth Federal, who testified that the RTC as Conservator (now RTC as Receiver) "owns and holds the Loan Documents sued upon in this action by virtue of that certain Acquisition Agreement of July 20, 1989 ..." Moreover, Mr. Brimacombe testified that the original

notes "are in the custody, supervision and control of the Affiant, and are complete, accurate and correct." Because the RTC as Receiver succeeded to the rights of RTC as Conservator by operation of law, this affidavit, the RTC argues, is sufficient to establish that the RTC–Receiver now owns and holds the notes.

Defendants, on the other hand, contend that a question of fact exists as to whether the RTC is the current owner and holder of the subject notes. In particular, defendants suggest that there is some dispute as to whether the loan documents which are the subject of this action were in fact transferred from RTC as Conservator to RTC as Receiver after Commonwealth Federal was placed in receivership. In support of this suggestion, defendants cite the affidavit of Angel Castillo. The Castillo affidavit asserts that a Miami Herald article, which discussed the failure of Commonwealth Federal, reported that its assets were transferred to five lending institutions. Defendants contend that the Miami Herald article did not reflect that any of the assets of Commonwealth Federal were transferred to RTC as Receiver. Thus, defendants argue, the Castillo affidavit demonstrates that there is some confusion over who actually owns the loans documents and notes. Moreover, defendants contend that the affidavit of Mr. Richard Williams, in which he avers that agents of the RTC have told him that the RTC has transferred the loans to a third party, casts serious doubt about the possession of the notes.

This Court is not persuaded by defendants' argument as reflected in the Castillo and Williams affidavits. As this Court has previously stated in its Order of December 2, 1991 on Defendants' Motion to Stay, this Court is satisfied that the Plaintiff RTC is indeed in possession of the subject notes. The assertions contained in the Castillo and Williams affidavits constitute vague conclusions based upon negative inferences and unsubstantiated hearsay. This Court does

---

**1.** The RTC did not move for summary judgment against Defendant Barbara J. Smith as Custodian for Hope E. Harvison and Hollie Beth Harvison, and as general partner of Associated Properties.

**2.** The defendants also raise several other defenses including usury and lack of endorsements on the notes. Because this court has addressed and rejected these arguments before, and because this court deems them to be wholly without merit, this court will not address them now.

not view these affidavits as competent evidence which creates a material issue of fact concerning the ownership of the notes.

*Lack of Partnership Capacity*

■ Defendants also argue that Barbara Smith as Custodian for Hope E. Harvison and Hollie Beth Harvison had no authority under Texas law to enter into a partnership on behalf of the minors because there is no provision in the Texas Partnership Act which permits a custodian of a minor to be a partner. Defendants contend that because Barbara Smith did not enter into the partnership in her individual capacity, her participation in the partnership is illusory. This defect in the partnership, defendants suggest, extends to all aspects of the partnership. Stated simply, defendants assert that neither Associated Investment nor Associated Properties is a legally recognized entity, and as such, claims against the partnership based on default on the notes cannot stand.

This Court does not agree. While neither party has cited persuasive Texas authority on this subject, it seems plain that an alleged defect in the formation of the partnership would not discharge the existing liabilities of the other partners or of the partnership. This is especially true since the partnership held itself out to be a partnership by virtue of the Partnership Affidavit that was executed and delivered with the notes. Thus, even if there was a defect in the formation of the partnership, the defendants are estopped from raising such a defect as a defense to liability under the notes.

*Holder in Due Course*

■ Defendants also argue that the RTC is not entitled to "federal holder in due course" status because the promissory notes in question contain a fluctuating rate of interest and a "conditional promise to pay," and therefore, are non-negotiable instruments. *See Sunbelt Savings, F.S.B., Dallas v. Montross,* 923 F.2d 353 (5th Cir. 1991) (holding that "federal holder in due course" doctrine does not apply to non-negotiable instruments). Defendants contend that without protection of the "federal holder in due course" doctrine, the RTC is subject to all personal defenses to the notes which the defendants could have raised against Commonwealth. *See Gunter v. Hutcheson,* 674 F.2d 862 (11th Cir. 1982). In particular, defendants argue that the RTC is subject to common law defenses to a contract, and therefore, must plead and prove each and every element that is necessary to prevail on a contract cause of action. Because the RTC has not done so, defendants contend, the RTC is not entitled to summary judgment.

The RTC responds that "federal holder in due course" status and protection is not entirely relevant. Specifically, the RTC argues that it nevertheless qualifies for the protections afforded under 12 U.S.C. § 1823(e) and that those protections also preclude the defendants from raising certain personal "contract defenses." Section 1823(e) of Title 12, as amended, provides:

No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C.A. § 1823(e) (1989).

The RTC argues that the only defenses available to the defendants are those defenses which meet the strict requirements of section 1823(e). In particular, the RTC asserts that the defendants' only defense to payment of the notes would be one based on a written instrument or agreement previously executed by the defendants. That is, traditional personal con-

tract defenses are not available to the defendants under section 1823(e).

This Court need not even reach the questions of whether such notes are negotiable and whether the Plaintiff RTC is therefore entitled to "federal holder in due course" protection. The RTC does not need to enjoy "holder in due course" status to qualify for the protections of section 1823(e). *See Adams v. Madison Realty & Dev., Inc.* 937 F.2d 845, 855 (3rd Cir.1991). Nor is it necessary for notes to be negotiable instruments for the RTC to be protected by section 1823(e). *See FDIC v. McCullough,* 911 F.2d 593, 602 (11th Cir.1990); *FDIC v. P.L.M. Int'l, Inc.,* 834 F.2d 248, 254–55 (1st Cir.1987) (relying upon *FDIC v. Gulf Life Ins.,* 737 F.2d 1513 (11th Cir.1984)); *Adams v. Madison Realty & Dev., Inc.,* 746 F.Supp. 419, 428 (D.N.J.1990), *affirmed,* 937 F.2d 845 (3rd Cir.1991). This Court finds that the RTC is protected by the provisions of section 1823(e), and therefore, the defendants are not entitled to assert traditional contract arguments in defense to payment on the notes.[3]

Accordingly, defendants' argument that the RTC has failed to plead and prove each and every element of a contract cause of action does not affect the disposition of this action. The RTC has satisfied its burden of demonstrating that there is no genuine issue of material fact still in dispute and that it is entitled to summary judgment as a matter of law. Defendants' affidavits, assertions, and arguments to the contrary are insufficient to create an issue of material fact or to demonstrate that the RTC is not entitled to summary judgment as a matter of law.

Accordingly, it is

ORDERED AND ADJUDGED that the said Motion be, and the same is hereby GRANTED. It appears from a careful review of the motions, filings and attachments that there are no genuine issues of material fact still in dispute and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is hereby entered in favor of the RTC against all defendants except for Barbara Smith as Custodian for Hope E. Harvison and Hollie Beth Harvison, in the amounts set forth by the RTC in its Affidavit as to Amounts Due and Owing (attached hereto as Appendix A).

DONE AND ORDERED.

### APPENDIX A

### COMPOSITE EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 90–6707–CIV–ARONOVITZ

Resolution Trust Corporation as Conservator of Commonwealth Federal Savings and Loan Association, Plaintiff,

vs.

Associated Investment Group, a Texas General Partnership ("Associated Investment"); J.D. St. Clair, individually and as general partner of Associated Investment; Associated Properties, a Texas General Partnership ("Associated Properties"), individually and as General Partner of Associated Investment; Randall W. Harvison, individually and as General Partner of Associated Properties; John D. Harvison, individually and as General Partner of Associated Properties; Michael G. Harvison, individually and as General Partner of Associated Properties; Kay Harvison Parker, individually and as General Partner of Associated Properties; Barbara J. Smith, as Custodian for Hope E. Harvison; and Hollie Beth Harvison, individually and as General Partner of Associated Properties; and John H. Harvison, Defendants.

### AFFIDAVIT AS TO AMOUNTS DUE AND OWING

STATE OF FLORIDA

SS.

COUNTY OF BROWARD

---

**3.** The lack of partnership capacity defense, discussed supra at page ——, also fails because of the RTC's protection under section 1823(e).

Before me the undersigned authority personally appeared WILLIAM H. BRIMACOMBE, who after being first duly sworn, upon personal knowledge deposes and says:

1. I am employed by Commonwealth Federal Savings and Loan Association ("Commonwealth Federal"), which is currently under the Conservatorship of Resolution Trust Corporation, as Senior Vice President, and was previously employed in that capacity by Commonwealth Savings and Loan Association of Florida (the "Association"). I am authorized to execute this Affidavit on behalf of Resolution Trust Corporation as Conservator for Commonwealth Federal.

2. Among the assets acquired by the Resolution Trust Corporation as Conservator of Commonwealth Federal from the Federal Savings & Loan Insurance Corporation as Receiver for the Association were the Loan Documents ("Loan Documents") defined in and attached to the Complaint, and the books of account evidencing status and payment history of the loans ("Loans") which are the subject of this action.

3. Resolution Trust Corporation as Conservator for Commonwealth Federal owns and holds the Loan Documents sued upon in this action by virtue of that certain Acquisition Agreement of July 20, 1989, by and between the Federal Savings and Loan Insurance Corporation, as Receiver of the Association, and Commonwealth Federal. A true and correct copy of the Acquisition Agreement is attached hereto as Exhibit "1."

4. I am one of the responsible banking officers assigned to collection of the loans made by the Association to Associated Investment and to Associated Properties.

5. This Affidavit is being executed in support of Plaintiff's Motion for Partial Summary Judgment as against the Defendants, Associated Investments, St. Clair, Associated Properties, John D. Harvison, Randall Harvison, Michael Harvison, Parker and John H. Harvison.

6. I have examined the books, records and documents acquired and kept by Resolution Trust Corporation as Conservator of Commonwealth Federal concerning the subject transactions with Defendants, Associated Investment and Associated Properties, and the makers and guarantor of the indebtedness evidenced in the Loan Documents. All of the books, records and documents are kept by Resolution Trust Corporation as Conservator of Commonwealth Federal, and were previously kept by the Association, in the regular course of its business and were made at or near the time of the events reflected therein, by or from information transmitted by persons with personal knowledge of the facts. It is the regular business practice of Resolution Trust Corporation as Conservator of Commonwealth Federal, and it was the regular business practice of the Association, to make and keep these books, records and documents. The books, records and documents which Affiant has examined are in the custody, supervision and control of Affiant, and are complete, accurate and correct. The business records so maintained by the Association and now Resolution Trust Corporation as Conservator of Commonwealth Federal include the Loan Documents annexed to the Complaint and the Consents and Ratifications and Partnership Affidavits annexed hereto as Composite Exhibit 2. I have read the Complaint and attached Motion for Partial Summary Judgment and Supporting Memorandum of Law, and the allegations and facts contained therein are true, accurate and correct. Moreover, at no time has the maximum default interest been demanded or collected.

7. The $3,230,000.00 Note which is the subject of this action is in default by virtue of Associated Investment's failure to make the payment of principal and interest when due on July 1, 1989 and each month thereafter. The Associated Investment Guaranty which is the subject of this action is also in default by virtue of John H. Harvison's failure to make the payment of principal and interest when due under the $3,230,-000.00 Note on July 1, 1989 and each month thereafter.

8. The following amounts are therefore presently due and owing from Defendants, Associated Investments, St. Clair, Associat-

ed Properties, John D. Harvison, Randall Harvison, Michael Harvison, Parker and John H. Harvison, jointly and severally, as of February 28, 1991, using the contractual rate of interest which currently is accruing at 10.6% per annum:

| | |
|---|---|
| Principal: | $3,173,519.83 |
| Interest:<br>Per Diem after<br>February 28, 1991<br>is $950.03 | $ 610,021.43 |
| Late Charges: | $ 32,204.27 |
| Appraisal Fees: | $ 39,200.00 |
| Title Fees: | $ 4,380.43 |
| Broker Opinions: | $ 700.00 |
| Asset Investigations | $ 2,484.00 |
| TOTAL: | $3,862,509.96 |

9. The $1,770,000.00 Note which is the subject of this action is in default by virtue of Associated Properties Failure to make the payment of principal and interest when due on July 1, 1989 and each month thereafter. The Associated Properties Guaranty which is the subject of this action is also in default by virtue of John H. Harvison's failure to make the payment of principal and interest when due under the $3,230,-000.00 Note when due on July 1, 1989 and each month thereafter.

10. The following amounts are therefore presently due and owing from Defendants, Associated Properties, Randall Harvison, John D. Harvison, Michael Harvison, Parker and John H. Harvison, jointly and severally, as of February 28, 1991, using the contractual rate of interest which is currently accruing at 10.6% per annum:

| | |
|---|---|
| Principal: | $1,738,959.87 |
| Interest:<br>Per Diem after<br>February 28, 1991<br>is $536.89 | $ 337,032.08 |
| Late Charges: | $ 17,710.06 |
| Appraisal Fees: | $ 21,750.00 |
| Title Fees: | $ 3,835.92 |
| Broker Opinions: | $ 900.00 |
| TOTAL: | $2,120,187.93 |

11. Resolution Trust Corporation as Conservator of Commonwealth Federal Savings and Loan Association has employed the law firm of Holland & Knight as its attorneys to prosecute this action against the Defendant and is obligated to pay Holland & Knight reasonable attorneys' fees for their services, together with all costs and expenses incurred.

12. Each of the exhibits attached to the Complaint are genuine, authentic and true copies of the originals. The Consents and Ratifications and the Affidavits of Partnership annexed hereto as part of Composite Exhibit "2" are genuine, authentic, true and correct copies of the originals executed and delivered to the Association in connection with the Loans which are the subject of this action.

FURTHER AFFIANT SAYETH NOT.

/S/ William H. Brimacombe
William H. Brimacombe

SWORN TO AND SUBSCRIBED before me this 5th day of MARCH, 1991.

/S/ Carole J. Pelto
Notary Public
(SEAL)

My commission expires:

NOTARY PUBLIC STATE OF FLORIDA

MY COMMISSION EXP. JAN. 28, 1993

BONDED THRU GENERAL INS. UND.

28006CM 00000219:048

03/01/91